IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**CLENNEL P. COBB,**

    **Plaintiff,**

**v.**                               Case No. 2:11-cv-00283

**CORRECTIONAL MEDICAL SERVICES ("CMS")
and JIM RUBENSTEIN, Commissioner,
Division of Corrections,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

On April 18, 2011, the plaintiff, a former inmate at Mount Olive Correctional Complex ("MOCC"), filed a Complaint in the United States District Court for the Northern District of West Virginia against the defendants, alleging that his medical condition had been misdiagnosed during his incarceration at MOCC (ECF No. 1). By Order entered April 25, 2011 (ECF No. 7), the case was transferred to this District because MOCC is located in this District. This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915A, the court

screens each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. In <u>Bell Atlantic Corp v. Twombly</u>, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." <u>Id.</u> at 555.

The Supreme Court further explained its holding in <u>Twombly</u> in <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a

plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * *

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.[1]

## **PLAINTIFF'S ALLEGATIONS**

The original Complaint states as follows:

I had blood in my stool and I knew something had to be wrong! I put in a sick call slip to the medical unit at MOCC which was run by CMS. They told me it was nothing much and gave me suppositories and sent me on my way. However, it got extremely worse. I later found out it had deteriorated and turned into Colitis.

Had the original diagnosis been even a remote possibility of turning into something more severe than just hemorrhoids we would not be at this stage of a problem. Had they done the proper test I would not have to experience this pain and suffering that I now face.

It is my claim that had CMS not misdiagnoses this problem I would not have Colitis. Because of limited medical knowledge and my limited financial ability to have any other testing done I find myself having to suffer this fate.

---

[1] Because service of process has not occurred, a motion to dismiss has not been filed in this case. Such a motion, filed pursuant to Rule 12(b)(6), *Fed. R. Civ. P.*, asserts that the complaint fails "to state a claim upon which relief can be granted," which is the same standard set forth in 28 U.S.C. § 1915A.

> Until February 14, 2011 when I had a colonoscopy done, I had no knowledge of the severity of my situation!

(Complaint, ECF No. 1, at 1.) The plaintiff seeks payment of his medical bills, including two colonoscopies a year, and medications plus compensation for his pain and suffering, and loss of ability to work. Id. at 2.

By Order entered April 28, 2011, the undersigned required the plaintiff to provide more information concerning his claim:

> Upon review of the Complaint, the Court cannot determine what cause of action the plaintiff is attempting to state. Answers to the following questions are necessary: When did the plaintiff visit the medical unit at Mount Olive, as mentioned in the Complaint? What happened at that visit? Were there subsequent visits? If so, what happened? Does the plaintiff claim that Correctional Medical Services ("CMS") was negligent or that it was deliberately indifferent to the plaintiff's serious medical needs? Which CMS personnel allegedly misdiagnosed the plaintiff? When did CMS stop treating the plaintiff? Why is Commissioner Rubenstein listed as a defendant? What was/is his involvement?
>
> It is hereby **ORDERED** that the plaintiff shall file an amended complaint which answers these questions within thirty days of the entry of this Order. It appears that the Complaint, as currently written, fails to state a claim upon which relief can be granted. If the plaintiff fails to file an amended complaint, the undersigned will recommend that the presiding District Judge dismiss this action.

(Order, ECF No. 10, at 1-2.)

On May 11, 2011, the plaintiff filed a Response to the April 28 Order, which reads as follows:

> I first visited the Mt. Olive medical unit on 5-17-07, and I was given stool cards to use once I had a stool movement. I took them back on 5-29-07. I again went back for a follow up visit and the Dr. said all I had was

4

> hemorrhoids. At that time the Dr. gave me suppositories and nothing else was done.
>
> I am claiming that CMS, via their Dr. showed no interest in doing what they could have and should have done to ensure that my medical problems were resolved. They did nothing to find out what was really wrong with me. Therefore they were negligent and deliberately indifferent to my serious medical needs. They never really treated the problem or the symptoms.
>
> The reason I added Commissioner Jim Rubenstein to my complaint is he is the administrative head of the Division of Corrections.

(Response, ECF No. 11, at 1.)

## ANALYSIS

In <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994), the Supreme Court held that the Eighth Amendment to the Constitution "imposes duties on [prison] officials who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" This is a low standard. The Supreme Court emphasized that "[p]rison conditions may be 'restrictive and even harsh.'" <u>Id.</u>, at 833.

Moreover, to sustain an Eighth Amendment claim, a prisoner must show two things: (1) "the deprivation must be, objectively, 'sufficiently serious;'" that is, "denial of 'the minimal civilized measure of life's necessities;'" and (2) the prison official had a "'sufficiently culpable state of mind;'" that is, "'deliberate indifference' to inmate health or safety." <u>Id.</u>, at 834. (Citations omitted.) The Supreme Court rejected an argument that an objective

5

test of deliberate indifference be established.

> We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Id., at 837.

Plaintiff's Complaint and Response, even when read liberally, constitute insufficient allegations that the defendants have exhibited a deliberate indifference to Plaintiff's serious medical needs, in violation of his Eighth Amendment rights. "In order to state a cognizable claim for denial of medical care under the Eighth Amendment, an inmate must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need." Estelle v. Gamble, 429 U.S. 97, 104 (1976). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990); see also Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986) (collecting cases). "Serious medical needs" are those which have been diagnosed by a physician as mandating treatment or that are so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Gaudreault v. Munic. of Salem, Mass., 923 F.2d 203, 208 (1st Cir.

1990).

> Deliberate indifference may be demonstrated by either actual intent or reckless disregard. See Benson v. Cady, 761 F.2d 335, 339 (7th Cir. 1985). A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position. See id. Nevertheless, mere negligence or malpractice does not violate the Eighth Amendment. See Estelle, 429 U.S. at 106.

Miltier, 896 F.2d at 851-852.

The burden of demonstrating deliberate indifference to a serious medical need by correctional officials and health care providers is very heavy. It is well settled that:

> A medical need serious enough to give rise to a constitutional claim involves a condition that places the inmate at a substantial risk of serious harm, usually loss of life or permanent disability, or a condition for which lack of treatment perpetuates severe pain. See Farmer, 511 U.S. at 832-35; Sosebee v. Murphy, 797 F.2d 182-83 (4th Cir. 1986); Loe v. Armistead, 582 F.2d 1291, 1296-97 (4th Cir. 1978).

Rush v. VanDevander, 2008 WL 495651 (W.D. Va., Feb. 21, 2008); Banks v. Green Rock Correctional Center Medical Dept., 2007 WL 2903673 (W.D. Va., Oct. 3, 2007). For example, in Sosebee, the Fourth Circuit found that if prison guards were aware that a steak bone had pierced an inmate's esophagus, causing infection that resulted in the inmate's death, and the guards had intentionally abstained from seeking medical help, such conduct might establish deliberate indifference to a serious medical need.

In Webster v. Jones, 554 F.2d 1285 (4th Cir. 1977), the plaintiff, who had complained numerous times of eye problems and

7

loss of vision, claimed that he was cursorily examined after his initial complaint, but never re-examined despite later complaints. The doctor claimed that he examined Webster several times, but never diagnosed a medical problem with his eye. Id. at 1286. Subsequently, a specialist found that Webster's vision had deteriorated to 20/400 and that he suffered from a detached retina and iritis, and that his vision could not be restored. Id. The Fourth Circuit found that, even if the doctor had been negligent in failing to properly diagnose or treat Webster, negligence is not sufficient to demonstrate deliberate indifference to a serious medical need and, thus, Webster's allegations did not constitute a cognizable constitutional claim. See also, Johnson v. Quinones, 145 F.3d 164, 168 (4th Cir. 1998).

Likewise, disagreements between a health care provider and the inmate over a diagnosis and the proper course of treatment are not sufficient to support a deliberate indifference claim, and questions of medical judgment are not subject to judicial review. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975). As noted by the Fourth Circuit, an inmate is not entitled to unqualified access to health care and treatment may be limited to what is medically necessary and not "that which may be considered merely desirable" to the inmate. Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir. 1977).

The plaintiff basically claims that CMS did not do enough to reach a correct diagnosis four years ago, although he makes no

8

assertion that a correct diagnosis was possible in 2007.  Moreover, the plaintiff makes no allegation that CMS had an official policy or custom of deliberate indifference to an inmate's serious medical needs.  "A private corporation is liable under § 1983 . . . when an official policy or custom causes the alleged deprivation of federal rights."  Austin v. Paramount Parks, Inc., 195 F.3d 715, 727 (4th Cir. 1999); see also Motto v. Corr. Med. Servs., 2007 U.S. Dist. Lexis 72436 (S.D. W. Va., Sept. 27, 2007)(Johnston, J.).

Defendant Rubenstein is the Commissioner of the West Virginia Division of Corrections, who had no direct involvement in the plaintiff's medical treatment.  Prior to the Supreme Court's ruling in Farmer v. Brennan, 511 U.S. 825, 834 (1994), the Fourth Circuit established "the principle that supervisory officials may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates."  Slakan v. Porter, 737 F.2d 368, 372 (4th Cir. 1984).  A named supervisor may be liable for acts of subordinates if the official was aware of a pervasive, unreasonable risk of harm from a specified source and failed to take corrective action as a result of his deliberate indifference or tacit authorization of the offensive practice.  Id. at 373.

Liability may attach where "supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care."  Id. at 372.  The relevant inquiry is whether the defendants acted "wantonly, obdurately, or with deliberate

9

indifference to the pervasive risk of harm." Moore v. Winebrenner, 927 F.2d 1312, 1315 (4th Cir. 1991).  However, the Fourth Circuit has held that supervisory prison officials are entitled to rely on the professional judgment of trained medical personnel.  It is well-settled that prison officials are entitled to rely upon the professional judgment of trained medical personnel.  Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990); Shakka v. Smith, 71 F,3d 162, 167 (4th Cir. 1995).  Thus, to establish a claim of deliberate indifference against non-medical prison personnel, a plaintiff must demonstrate that the official was personally involved in the treatment or denial of treatment, or that they deliberately interfered with the treatment, or that they tacitly authorized or were indifferent to the medical provider's misconduct.  Miltier, 896 F.2d at 853.  The plaintiff has made no such allegation.

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint and Response fail to state a claim upon which relief may be granted. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** with prejudice the plaintiff's Complaint under 28 U.S.C. § 1915A, and **DENY** his Motion for Leave to Proceed in forma pauperis (ECF No. 2), and his Application to Proceed without Prepayment of Fees and Costs (ECF No. 13).

The plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District

Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to the presiding District Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to the plaintiff.

<u>June 21, 2011</u>  
    Date

*Mary E. Stanley* (signature)  
Mary E. Stanley  
United States Magistrate Judge